1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    JOSEPH AVERZA, et al.,                        Case No.  24-cv-06147-EJD   (SVK)

8                         Plaintiffs,

9              v.                                  **ORDER RESOLVING
                                                   DISCOVERY DISPUTES**
10   SUPER MICRO COMPUTER, INC., et al.,
                                                   Re: Dkt. Nos. 105-08
11                       Defendants.

12          Crain Walnut Shelling, LP ("CWS") and Universal-Investment-Gesellschaft mbH

13   ("Universal") are vying for the top spot of lead plaintiff in this putative, securities class action,

14   which arises out of alleged misrepresentations disseminated by Super Micro Computer, Inc.

15   ("Super Micro"), and two of its executives.  The presiding judge, the Honorable Edward J. Davila,

16   declared CWS the presumptive lead plaintiff but found that Universal had "raised serious

17   questions" about CWS's "fitness for that role."  *See* Dkt. 99 at 2.  Judge Davila accordingly

18   ordered the Parties to conduct discovery into three narrow topics:

19       • **Topic 1:**  CWS's "ownership structure and decision-making processes."  *See id.* at 6-7.

20          Judge Davila opened discovery into this topic to address his concerns "about who holds

21          final decision-making authority" within CWS and how CWS "would oversee this litigation

22          if appointed as lead plaintiff."  *See id.* at 7.

23       • **Topic 2:**  CWS's "financial condition."  *See id.* at 8-9.  Judge Davila opened discovery

24          into this topic to address his concern about CWS's "ability to continue as a going

25          concern."  *See id.* at 8.

26       • **Topic 3:**  "[T]he circumstances of [CWS's] purchase of Super Micro stock."  *Id.* at 9.

27          Judge Davila opened discovery into this topic to address his concerns about why CWS, "an

28          entity actively operating in the walnut market[, would] serve as [an] investment vehicle"

United States District Court
Northern District of California

and "whether [CWS] relied on Super Micro's alleged misrepresentations to purchase Super Micro stock" or if "some other reason might have driven [CWS's] decision to rapidly acquire stock." *See id.*

Universal subsequently propounded several requests for production ("RFPs") and interrogatories on CWS and noticed a deposition of Charles Crain, Jr., the ultimate owner of CWS. The Parties now present the Court with two discovery disputes: (1) resolving CWS's objections to some of Universal's RFPs and interrogatories; and (2) evaluating CWS's proposed limitations on the deposition of Mr. Crain. *See* Dkts. 106, 108. The Court has determined that these disputes are suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). Having reviewed the Parties' submissions, the relevant law and the record in this action, the Court resolves the disputes as set forth below.

## I.    RFPS AND INTERROGATORIES

Attached to this Order is a chart containing the Court's rulings on CWS's objections on a request-by-request basis. CWS must provide supplemental productions and responses consistent with the Court's rulings by **January 31, 2025**. The applicable time period is the proposed class period: August 10, 2021, through August 26, 2024 (inclusive). *See* Dkt. 1 ¶ 1.

## II.    DEPOSITION OF MR. CRAIN

Universal noticed a deposition of Mr. Crain pursuant to Federal Rule of Civil Procedure 30(b)(1). CWS requests that the Court modify the proposed deposition in four ways: (1) convert the deposition into a deposition of CWS in which Mr. Crain appears as its representative pursuant to Rule 30(b)(6); (2) limit the scope of the deposition to Topics 1-3; (3) limit the length of the deposition to two hours; and (4) require Universal to depose Mr. Crain in Los Molinos, California.

**Rule 30(b)(1) or Rule 30(b)(6)?** Because CWS is an organization, CWS insists that Universal may depose it only through the procedures set forth in Rule 30(b)(6). Implicit in CWS's argument is the suggestion that CWS is the only party whom Universal may depose in conducting discovery. Judge Davila did not include any such limitation in his order. Further, Mr. Crain has represented that he has "sole ownership and decision-making authority for CWS," which confirms that he possesses relevant information. *See* Dkt. 85-1 ¶ 4. Accordingly, Universal may depose

Mr. Crain in his personal capacity as a non-party pursuant to Rule 30(b)(1).

In permitting Universal to depose Mr. Crain as a non-party, the Court assumes that Universal intends to depose Mr. Crain as a non-party and not merely as a representative of CWS— in its notice of deposition, Universal identified Mr. Crain as the deponent and not CWS.  If Universal intends to depose Mr. Crain as a representative of CWS under Rule 30(b)(1), it may do so but must re-notice the deposition to clarify that Mr. Crain will appear as a representative of CWS.  *See* 7 Moore's Federal Practice – Civil § 30.25 (2024) ("A party may still name a particular person to testify on behalf of the organization by noticing the deposition under Rule 30(b)(1)— provided that the deponent is an officer, director, or managing agent—<u>and by indicating that the person named will be expected to testify on behalf of the organization</u>." (emphasis added) (citations omitted)); *accord Elasticsearch, Inc. v. Floragunn GmbH*, No.19-cv-05553-YGR, 2021 WL 1753796, at *1 (N.D. Cal. May 4, 2021).

CWS prefers that Universal conduct a Rule 30(b)(6) deposition because CWS wishes to restrict the scope of Universal's questioning as required in a Rule 30(b)(6) deposition.  As discussed below, the scope is necessarily limited even if CWS conducts the deposition under Rule 30(b)(1).

**Scope.**  Judge Davila was clear:  The Parties may conduct discovery into Topics 1-3.  He did not permit discovery into any other subjects.  Accordingly, Universal may not ask Mr. Crain any questions outside the scope of Topics 1-3.  That scope is neither as broad as Universal insists nor as narrow as Mr. Crain believes.  The Parties should refer to the Court's rulings in the attached chart to better understand what is and is not within the scope of Topics 1-3.  The Court also provides the following guidance:

- **Topic 1** is broad enough to encompass all entities within the ownership chain of CWS.
- **Topic 2** does not encompass the financial condition of any entity other than CWS itself, absent a non-speculative demonstration that the financial condition of another entity impacts CWS's ability to continue as a going concern.  Universal did not provide any such non-speculative demonstration in its submissions.
- **Topic 3** is broad enough to encompass all entities and accounts over which Mr. Crain

United States District Court
Northern District of California

maintains a controlling interest.

- Just because an entity is affiliated with CWS or Mr. Crain does not automatically mean that the entity is relevant to Topics 1-3. Universal must do more to connect an entity to a topic than merely note its relationship to CWS or Mr. Crain.

**Duration.** "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Thus, seven hours is the default length. *See In re Republic of Ecuador*, No. 10-mc-80225-CRB, 2011 WL 736868, at *5 (N.D. Cal. Feb. 22, 2011). CWS offers no reason to shorten this length beyond conclusorily asserting that "[h]aving Mr. Crain sit for seven hours of deposition testimony is unreasonable." *See* Dkt. 108 at 5. The Court, therefore, will not shorten the deposition length.

**Location.** CWS requests that Universal depose Mr. Crain in Los Molinos, California, to accommodate his convenience. *See id.* But CWS is the presumptive lead plaintiff and requests that the Court appoint it as the lead plaintiff. That is key because a plaintiff is presumptively subject to a deposition in the judicial district in which a case is commenced. *See Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, No. 22-cv-08973-PCP, 2024 WL 778395, at *2 (N.D. Cal. Feb. 26, 2024). Los Molinos does not qualify because it is located in Tehama County, California, which is within the Eastern District. *See* 28 U.S.C. § 84(b).

Of course, as noted above, Universal may depose Mr. Crain as a non-party and not merely as a representative of CWS. Even so, based on Mr. Crain's representations, he retains sole control over the company, and Universal undoubtedly seeks to depose him to probe his exercise of that authority. Accordingly, in light of the circumstances in which the instant discovery disputes arise (a battle over appointment of CWS as lead plaintiff), regardless of whether Universal deposes Mr. Crain as a representative of CWS or in his individual capacity, equity requires that Mr. Crain appear for a deposition in the Northern District of California at a location noticed by Universal.

///

///

///

///

United States District Court
Northern District of California

## III.    MOTIONS TO SEAL

In connection with submitting the discovery disputes, CWS requested that the Court seal portions of the submissions.  *See* Dkts. 105, 107.  The Court's reasoning in this Order (including the attached chart) does not depend on the information sought to be sealed, and the Court does not expressly discuss any of that information.  Accordingly, the Court **TERMINATES AS MOOT** the motions to seal; Dkts. 105-3, 105-4, 105-5 and 107-3 shall remain under seal.  *See, e.g.*, *Bloom Energy Corp. v. Badger*, No. 21-cv-02154-PJH, 2021 WL 4079208, at *13 (N.D. Cal. Sept. 8, 2021).  The Court has also preserved the redactions included by CWS in the attached chart.

**SO ORDERED.**

Dated: January 27, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

Chart of Court's Rulings

**Disputed Requests for Production**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| 5 | Documents sufficient to show the legal structure, ownership, organizational structure, business and operations, identity of any current or former partners, and decision-making processes of:<br><br>(a) Crain Walnut Shelling, Inc.;<br><br>(b) Nuez Progresivo, Inc.;<br><br>(c) Grupo Progresivo, Inc.;<br><br>(d) Eco-Shell LP;<br><br>(e) Crain Orchards, Inc.;<br><br>(f) C.R. Crain & Sons, Inc. d/b/a Crain of California;<br><br>(g) Crain Ranch d/b/a Crain Marketing, Inc.;<br><br>(h) Crain Farming, LP;<br><br>(i) Crain International #2;<br><br>(j) any other entity controlled by Charles R. Crain, Jr.; and | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks corporate information or documents from periods other than when the transactions in Super Micro securities occurred.<br><br>3. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks corporate information or documents concerning the formation of corporate entities other than CWS and its constituting partners (Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc).<br><br>4. The phrases "controlled by" and "has the decision-making authority" are vague, overbroad, and ambiguous, | Universal does not believe a limitation to this Request for Production is appropriate and requests Crain Walnut fully comply with this Request for Production. Crain Walnut has produced some documents showing the legal structure of Crain Walnut Shelling, LP, Nuez Progresivo, Inc, and Grupo Progresivo, Inc, but this is not the same as providing such documents for all of the related parties listed in the Request for Production.<br><br>Universal's position in the Joint Statement supports the relevance of this request. Such discovery is necessary to fully understand Mr. Crain's Super Micro investments<br><br>In addition, from the discovery produced thus far, is appears that there are additional related entities that Universal would expect to fall into (j) or (k) of this request, including Shell Processing Facility LP, Crain of California, Inc., Eco-Shell, Inc., Crain International #4, Butte | Notwithstanding CWS's objections, CWS has produced the formation documents for CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc.<br><br>While Universal has not raised any deficiencies in this production as to CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc., to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | The requested documents are relevant to Topic 1. However, the RFP is overbroad to the extent it seeks documents concerning: (1) entities outside the ownership chain of CWS; and (2) any entities' "business and operations."<br><br>The Court **ORDERS** CWS to produce documents responsive to the following revised RFP: "Documents sufficient to show the legal structure, ownership, organizational structure, identity of any current or former partners during the relevant period, and decision-making processes of: (1) CWS; and (2) any entity with a direct or indirect ownership interest in CWS." |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | (k) any other entity for which Charles R. Crain, Jr. has the decision-making authority. | and also potentially call for legal conclusions. In responding to this Request, CWS construes these two phrases as referring to any entity in which Charles R. Crain, Jr., directly or indirectly, owns more than 50 percent of voting stock (for corporations) or more than 50 percent of the beneficial interests (for partnerships). Nevertheless, to the extent the Request seeks any information or documents concerning the structure, ownership, operations, or processes of any entity that Charles R. Crain, Jr. controls or has decision-making authority (other than potentially CWS and its constituting partners), the Request seeks information and documents that are irrelevant, not proportionate, duplicative, and unduly burdensome.<br><br>In reliance upon its objections, CWS will not produce documents responsive to this Request other than those non-privileged documents produced in response to Request Nos. 3 and 4. | Vista Farms, LLC, Crain Ranch and Sons, NuVista LP, and Walnut Processing Facility, LP. | | |
| 6 | All documents concerning the formation of the entities listed in Request 5(a)-(k), including partnership agreements, certificates of incorporation, and bylaws. | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and | Universal does not believe a limitation to this Request for Production is appropriate and requests Crain Walnut fully comply with this Request for | Notwithstanding CWS's objections, CWS has produced the formation documents for CWS, Crain Walnut Shelling, | *See* Court's Decision re RFP No. 5. The Court **ORDERS** CWS to produce responsive documents for those entities within the |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks corporate information or documents from periods other than when the transactions in Super Micro securities occurred.<br><br>3. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning the formation of corporate entities other than CWS and its constituting partners (Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc).<br><br>4. The implicitly incorporated phrases "controlled by" and "has the decision-making authority" are vague, overbroad, and ambiguous, and also potentially call for legal conclusions. In responding to this Request, CWS construes these two phrases as referring to any entity in which Charles R. Crain, Jr., directly or indirectly, owns more than 50 | Production. Crain Walnut has produced some documents showing the legal structure of Crain Walnut Shelling, LP, Nuez Progresivo, Inc, and Grupo Progresivo, Inc, but this is not the same as providing such documents for all of the related parties listed in the Request for Production.<br><br>Universal's position in the Joint Statement supports the relevance of this request. Such discovery is necessary to fully understand Mr. Crain's Super Micro investments<br><br>In addition, from the discovery produced thus far, is appears that there are additional related entities that Universal would expect to fall into (j) or (k) of this request, including Shell Processing Facility LP, Crain of California, Inc., Eco-Shell, Inc., Crain International #4, Butte Vista Farms, LLC, Crain Ranch and Sons, NuVista LP, and Walnut Processing Facility, LP. | Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc.<br><br>While Universal has not raised any deficiencies in this production as to CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc., to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | scope of the Court's revised RFP No. 5. |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---------|------------------|-------------------------|--------------------------------|-----------------------------------|------------------|
| | | percent of voting stock (for corporations) or more than 50 percent of the beneficial interests (for partnerships). Nevertheless, to the extent the Request seeks any information or documents concerning the structure, ownership, operations, or processes of any entity that Charles R. Crain, Jr. controls or has decision-making authority (other than potentially CWS and its constituting partners), the Request seeks information and documents that are irrelevant, not proportionate, duplicative, and unduly burdensome.<br><br>In reliance upon the above-listed objections, CWS will not produce documents responsive to this Request other than those non-privileged documents produced in response to Request Nos. 3 and 4. | | | |
| 7 | Documents sufficient to show the legal structure, ownership, and decision-making process of the revocable trust discussed in ECF No. 85-1 at ¶ 5. | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3. | Universal does not believe a limitation to this Request for Production is appropriate and request Crain Walnut fully comply with this Request for Production.<br><br>Mr. Crain admitted that he traded in Super Micro securities through the Revocable Trust | Notwithstanding CWS's objections, CWS has produced the formation documents for CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc.<br><br>While Universal has not raised any deficiencies in this production as to CWS, Crain | CWS's objection is **SUSTAINED.** At best, the requested documents are of speculative relevance to Topic 3. |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | 2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning entities other than CWS and its constituting partners (Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc).<br><br>In reliance upon the above-listed objections, CWS will not produce documents responsive to this Request. | during the Class Period. Universal's position in the Joint Statement supports the relevance of this request. | Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc., to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | |
| 8 | All documents concerning the formation of the revocable trust discussed in ECF No. 85-1 at ¶ 5. | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning entities other than CWS and its constituting partners (Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc). | Universal does not believe a limitation to this Request for Production is appropriate and request Crain Walnut fully comply with this Request for Production.<br><br>Mr. Crain admitted that he traded in Super Micro securities through the Revocable Trust during the Class Period. Universal's position in the Joint Statement supports the relevance of this request. | Notwithstanding CWS's objections, CWS has produced the formation documents for CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc.<br><br>While Universal has not raised any deficiencies in this production as to CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc., to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce | *See* Court's Decision re RFP No. 7. |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | In reliance upon the above-listed objections, CWS will not produce documents responsive to this Request. | | similar information for all of its investment funds on relevancy grounds. | |
| 9 | All Documents concerning (i) the acquisition, transfer, sale, or retention of any Super Micro securities, options, or derivatives, (ii) any positions taken as a hedge against any such Super Micro positions, and (iii) margin trading in Super Micro securities, options or derivatives by:<br><br>(a) Crain Walnut Shelling, Inc.;<br><br>(b) the "individual account in [Charles R. Crain, Jr.'s] name" discussed in ECF No. 85-1 at ¶ 5;<br><br>(c) the revocable trust discussed in ECF No. 85-1 at ¶ 5;<br><br>(d) Eco-Shell LP;<br><br>(e) Any other entity or account controlled by Charles R. Crain, Jr. that purchased, sold, acquired, or transferred Super Micro securities, options, derivatives, or took any positions as a hedge against any Super Micro positions held by itself or other | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order.  *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning transactions, positions, or margin trading that were not within the Class Period.<br><br>3. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning transactions, positions, and margin trading in Super Micro securities by entities other than CWS.<br><br>4. The phrases "controlled by" and "has the decision-making authority" are | Universal does not believe a limitation to this Request for Production is appropriate and request Crain Walnut fully comply with this Request for Production.<br><br>Such trading is directly relevant to the questions that the Court raised, particularly the suspect timing of Crain Walnut's trades in Super Micro stock and the Court's questions about reliance. ECF No. 99 at 9.<br><br>. | Notwithstanding CWS's objections, CWS has produced documentation sufficient to show CWS's transactions in Super Micro securities throughout the Class Period and through the end of December 2024.<br><br>While Universal has not raised any deficiencies in this production related to CWS's transactions, to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | The requested documents are relevant to Topic 3. Further, Mr. Crain has represented that he has "sole ownership and decision-making authority for CWS," which sweeps entities outside the ownership chain of CWS within the scope of relevance to Topic 3.  *See* Dkt. 85-1 ¶ 4.<br><br>The Court **ORDERS** CWS to respond to this RFP with respect to:  (1) CWS; and (2) any other entity or account identified in the RFP in which Mr. Crain maintains a controlling interest. |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | entities controlled by Charles R. Crain, Jr.; and<br><br>(f) Any other entity for which Charles R. Crain, Jr. has the decision-making authority that purchased, sold, acquired, or transferred Super Micro securities, options, derivatives, or took any positions as a hedge against any Super Micro positions. | vague, overbroad, and ambiguous, and also potentially call for legal conclusions. In responding to this Request, CWS construes these two phrases as referring to any entity in which Charles R. Crain, Jr., directly or indirectly, owns more than 50 percent of voting stock (for corporations) or more than 50 percent of the beneficial interests (for partnerships). To the extent the Request seeks any information or documents concerning transactions of Super Micro securities by any entity that Charles R. Crain, Jr. controls or has decision-making authority (other than potentially CWS), the Request seeks information and documents that are irrelevant, not proportionate, duplicative, and unduly burdensome.<br><br>In reliance upon the above-listed objections, CWS will not produce documents responsive to this Request. | | | |
| 10 | As to each entity identified in Request 9(a)-(f), all Documents related to the decision to engage in such transactions through said entity, including all communications with any investment advisor or tax advisor concerning the decision to invest through said entity. | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3. | Universal does not believe a limitation to this Request for Production is appropriate and request Crain Walnut fully comply with this Request for Production. | Notwithstanding CWS's objections, CWS has produced documentation sufficient to show CWS's transactions in Super Micro securities throughout the Class Period and through the end of December 2024. | *See* Court's Decision re RFP No. 9. This RFP is overbroad to the extent it seeks "all Documents **related to**" and "all communications . . . **concerning**" the decision to |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---------|-----------------|------------------------|--------------------------------|-----------------------------------|-----------------|
| | | 2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning decisions to engage in transactions that were not within the Class Period.<br><br>3. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning decisions to engage in transactions by entities other than CWS.<br><br>4. The phrase "related to the decision to engage in such transactions" is vague, overbroad, and ambiguous, and also potential calls for a legal conclusion. In responding to this Request, CWS construes the phrase as seeking any information about Super Micro's business, as well as any advice on whether to transact in Super Micro securities.<br><br>5. The phrase "through said entity" is vague, overbroad, and ambiguous, and also potentially calls for a legal conclusion. To the extent the phrase calls for documents showing why a transaction occurred through the | Such trading is directly relevant to the questions that the Court raised, particularly the suspect timing of Crain Walnut's trades in Super Micro stock and the Court's questions about reliance. ECF No. 99 at 9. | While Universal has not raised any deficiencies in this production related to CWS's transactions, to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | engage in the transactions in question.<br><br>The Court **ORDERS** CWS to respond to this RFP with respect to documents and communications, if any exist, that demonstrate why the at-issue transactions were made. CWS's production is limited to those entities within the scope of the Court's limitations on RFP No. 9. |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | entity at issue (as opposed to any another), the Request seeks information or documents that are irrelevant (and also not proportionate and unduly burdensome).<br><br>6. The Request incorporates the phrases "controlled by" and "has the decision-making authority" which are vague, overbroad, and ambiguous, and also potentially call for legal conclusions. In responding to this Request, CWS construes these two phrases as referring to any entity in which Charles R. Crain, Jr., directly or indirectly, owns more than 50 percent of voting stock (for corporations) or more than 50 percent of the beneficial interests (for partnerships). To the extent the Request seeks any information or documents concerning transactions of Super Micro securities by any entity that Charles R. Crain, Jr. controls or has decision-making authority (other than potentially CWS), the Request seeks information and documents that are irrelevant, not proportionate, duplicative, and unduly burdensome.<br><br>In reliance upon the above-listed objections, CWS will not produce documents responsive to this Request. | | | |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| 12 | Documents sufficient to show the financial condition, including annual revenues, income, cash flows, assets, debts, and liabilities, of the following during the calendar years ended 2022, 2023, and 2024, and all federal and state tax returns and audited financials of any kind prepared within the past three years:<br><br>(a) Crain Walnut Shelling LP;<br><br>(b) Crain Walnut Shelling, Inc.;<br><br>(c) Nuez Progresivo, Inc.;<br><br>(d) Grupo Progresivo, Inc.; and<br><br>(e) Charles R. Crain, Jr. | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order.  *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents concerning the financial condition of any person/entity other than CWS.<br><br>3. The Request seeks information or documents that are irrelevant, not proportionate, and unduly burdensome to the extent it seeks information or documents other than those concerning the **present** financial condition of CWS.<br><br>Subject to and without waiving the objections above, CWS agrees to produce the "Financial Statements and Independent Accountant's Review Report of Crain Walnut Shelling, LP: December 31, 2023 and 2022." | Universal does not believe a limitation to this Request for Production is appropriate and request Crain Walnut fully comply with this Request for Production.<br><br>Crain Walnut has produced some documents showing the past financial condition of Crain Walnut Shelling, LP, but this is not the same as providing such documents for all of these entities for all request time periods.<br><br>The relevance of the financial position of Crain Walnut's limited partner, Crain Walnut Shelling, Inc., other companies in its ownership structure like Nuez Progresivo, Inc. and Grupo Progresivo, Inc., and its sole ultimate owner, Mr. Crain, is well established in the Joint Statement.  Further, documents showing the financial condition of all of these entities for 2024 is extremely relevant to Crain Walnut's ability to continue as a going concern. | Notwithstanding CWS's objections, CWS produced documentation sufficient to show CWS's financial condition, including CWS's financial statements and monthly brokerage statements throughout 2024.<br><br>While Universal has not raised any deficiencies in this production related to CWS's financial condition, to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | The financial condition of entities other than CWS is, at best, of speculative relevance to Topic 2.  The Court **ORDERS** CWS to respond to this RFP with respect to CWS. |

**Chart of Court's Rulings**

| RFP No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| **15** | All Documents concerning the decision (i) to have Crain Walnut Shelling, LP move for appointment as Lead Plaintiff or (ii) to not have Charles R. Crain, Jr. or any other entity through which Charles R. Crain, Jr. traded Super Micro securities seek appointment as Lead Plaintiff. | CWS objects to this Request on the following grounds:<br><br>1. The Request seeks information or documents that are irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Request seeks documents protected by the attorney work product doctrine or attorney-client privilege.<br><br>In reliance upon the above-listed objections, CWS will not produce documents responsive to this Request. | Universal does not believe a limitation to this Request for Production is appropriate and requests Crain Walnut fully comply with this Request for Production. Universal's position in the Joint Statement supports the relevance of this request. | CWS will not provide information related to RFP No. 15 as it is not permitted discovery under the Court's Order.<br><br>Notwithstanding CWS's objections, there are no responsive documents.<br><br>Furthermore, the decision to have CWS seek appointment as lead plaintiff was a decision made in consultation with counsel and is protected by attorney-client privilege and/or work-product doctrine. | CWS's objection is **SUSTAINED**. The requested documents are outside the scope of Topics 1-3. |

**Chart of Court's Rulings**

**Disputed Interrogatories**

| Rog No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| 1 | For each of the following entities, identify and describe each entity's legal structure, ownership, organizational structure, decision-making process, business and operations, as well as each of their current or former partners and board members and who holds final decision-making authority for each entity:<br><br>(a)  Crain Walnut Shelling, LP;<br><br>(b)  Crain Walnut Shelling, Inc.;<br><br>(c)  Nuez Progresivo, Inc.;<br><br>(d)  Grupo Progresivo, Inc.;<br><br>(e)  Eco-Shell LP;<br><br>(f)  Crain Orchards, Inc.;<br><br>(g)  C.R. Crain & Sons, Inc. d/b/a Crain of California;<br><br>(h)  Crain Ranch d/b/a Crain Marketing, Inc.;<br><br>(i)  Crain Farming, LP;<br><br>(j)  Crain International #2; | CWS objects to this Interrogatory on the following grounds:<br><br>1.  The Interrogatory seeks information that is irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3.<br><br>2.  The Interrogatory seeks information that is irrelevant, not proportionate, and unduly burdensome to the extent it seeks corporate information for periods other than when the transactions in Super Micro Securities occurred.<br><br>3.  The Interrogatory seeks information that is irrelevant, not proportionate, and unduly burdensome to the extent it seeks corporate information concerning the structure, ownership, decision-making processes, and operations of corporate entities other than CWS and its constituting partners (Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc.).<br><br>4.  The phrases "controlled by" and "has the decision-making authority" are vague, overbroad, and ambiguous, | Universal does not believe a limitation to this Interrogatory is appropriate and requests Crain Walnut fully comply with this Interrogatory. Crain Walnut has produced some documents showing the legal structure of Crain Walnut Shelling, LP, Nuez Progresivo, Inc, and Grupo Progresivo, Inc, but this is not the same as a description of the "legal structure, ownership, organizational structure, decision-making process, business and operations… who holds final decision-making authority" for all of the related parties listed in the Interrogatory.<br><br>In addition, from the discovery produced thus far, is appears that there are additional related entities that Universal would expect to fall into (k), (l), or (n) of this request, including Shell Processing Facility LP, Crain of California, Inc., Eco-Shell, Inc., Crain International #4, Butte Vista Farms, LLC, Crain Ranch and Sons, NuVista LP, and Walnut Processing Facility, LP. | Notwithstanding CWS's objections, CWS has produced the formation documents for CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc.<br><br>While Universal has not raised any deficiencies in this production as to CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc., to the extent it does, CWS will consider Universal's requests and respond appropriately.<br><br>CWS further notes that Universal has refused to produce similar information for all of its investment funds on relevancy grounds. | *See* Court's Decision re RFP No. 5.  The Court **ORDERS** CWS to respond to the following revised interrogatory:  "For each of the following entities, identify and describe each entity's legal structure, ownership, organizational structure, decision-making process, as well as each of their current or former partners and board members and who holds final decision-making authority during the relevant period: (1) CWS; and (2) any entity with a direct or indirect ownership interest in CWS." |

**Chart of Court's Rulings**

| Rog No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | (k)  any other entity controlled by Charles R. Crain, Jr.;<br><br>(l)  any other entity for which Charles R. Crain, Jr. has the decision-making authority;<br><br>(m)  any other entity for which You have the authority to direct purchases of any securities; and<br><br>(n)  any other entity related to the Crain family business. | and also potentially call for legal conclusions. In responding to this Interrogatory, CWS construes these two phrases as referring to any entity in which Charles R. Crain, Jr., directly or indirectly, owns more than 50 percent of voting stock (for corporations) or more than 50 percent of the beneficial interests (for partnerships). To the extent the Interrogatory seeks information concerning the structure, ownership, operations, or processes of any entity that Charles R. Crain, Jr. controls or has decision-making authority (other than potentially CWS and its constituting partners), the Interrogatory seeks information and documents that are irrelevant, not proportionate, duplicative, and unduly burdensome.<br><br>5.  The answer to the Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing CWS's business records, and the burden of deriving or ascertaining the answer is substantially the same for the parties.<br><br>Subject to and without waiving the objections above, pursuant to Federal Rule of Civil Procedure 33(d), CWS refers Universal to the formation | | | |

**Chart of Court's Rulings**

| Rog No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | documents for CWS, Crain Walnut Shelling, Inc., Nuez Progresivo, Inc., and Grupo Progresivo, Inc., produced in this case. *See* CWSLP-000161– CWSLP-000234. | | | |
| 7 | Identify the sources of the funds You used to purchase Super Micro Securities, including through any entity or account You used to make such an investment. | CWS objects to this Interrogatory on the following grounds: 1. The Interrogatory seeks information that is irrelevant and beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3. 2. The Interrogatory seeks information that is irrelevant, not proportionate, and unduly burdensome to the extent it seeks information concerning transactions in Super Micro Securities by persons or entities other than CWS. Subject to and without waiving the objections above, pursuant to Federal Rule of Civil Procedure 33(d), CWS refers Universal to the monthly brokerage statements CWS has produced in this litigation. *See* CWSLP-000002–CWSLP-000139, CWSLP-000235–CWSLP-000294. **[REDACTED]**. | Universal does not believe a limitation to this Interrogatory is appropriate and requests Crain Walnut fully comply with this Interrogatory. Crain Walnut has referred Universal to monthly brokerage statements, which do not provide any information regarding the source of the funds, beyond reflecting that Crain Walnut purchased hundreds of millions of dollars in securities on margin. In a subsequent letter, counsel to Crain Walnut represented that **[REDACTED]**. Ex. A at 4. That representation by counsel (which Mr. Crain has not endorsed through an actual response to Universal's Interrogatory) directly contradicts Mr. Crain's prior representation to the Court that Crain Walnut invests monies "earned ***through multiple sources*** of business and | During the parties' meet and confer, CWS agreed to, and did confirm, **[REDACTED]**. CWS believed this fully resolved the dispute. | CWS's objection is **SUSTAINED**. The requested information is outside the scope of Topics 1-3. |

**Chart of Court's Rulings**

| Rog No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | | investment income." ECF No. 85-1 ¶ 7. Neither Mr. Crain's sworn declaration nor the representation from his counsel referenced [**REDACTED**] as a source of funds used to purchase Super Micro stock. | | |
| 14 | Identify and describe Your decision to have Crain Walnut Shelling, LP move for Lead Plaintiff in the Super Micro Securities Class Action, including why Charles R. Crain, Jr., or any other entities through which he invested, did not seek appointment as Lead Plaintiff. | CWS objects to this Interrogatory on the following grounds:<br><br>1. The Interrogatory seeks information beyond the permissible scope of limited discovery set forth in the Order. *See also* Gen. Obj. Nos. 1-3.<br><br>2. The Interrogatory potentially seeks information protected by the attorney work product doctrine or attorney-client privilege.<br><br>Given the objections above, CWS provides no answer. | Universal does not believe a limitation to this Interrogatory is appropriate and requests Crain Walnut fully comply with this Interrogatory.<br><br>Universal's position in the Joint Statement supports the relevance of this request. In addition, Crain Walnut's objections to this interrogatory on the basis of attorney-client privilege is highly concerning. Read plainly, this objection means that Mr. Crain has no independent understanding of why Crain Walnut is the Lead Plaintiff movant, rather than Mr. Crain himself or any of the other Super Micro Trading Vehicles. The clear implication is that Mr. Crain has already delegated important decision making to his | CWS will not provide information related to Interrogatory No. 14 as it is not permitted under the Court's Order.<br><br>Notwithstanding CWS's objections, there are no responsive documents.<br><br>Furthermore, the decision to have CWS seek appointment as lead plaintiff was a decision made in consultation with counsel and is protected by attorney-client privilege and/or work-product doctrine. | *See* Court's Decision re RFP No. 15. |

**Chart of Court's Rulings**

| Rog No. | Disputed Request | Crain Walnut's Response | Universal's Compromise/Position | Crain Walnut's Compromise/Position | Court's Decision |
|---|---|---|---|---|---|
| | | | attorneys, rather than exercising the supervision required of a Lead Plaintiff. | | |