# EXHIBIT C
## [REDACTED]

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

March 18, 2025

<u>VIA EMAIL</u>

Lucas E. Gilmore
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710

Re: *Averza v. Super Micro Computer, Inc.*, No. 5:24-cv-06147-EJD (N.D. Cal.)

Dear Lucas:

We write regarding the documents that Crain Walnut Shelling, LP ("Crain Walnut") produced on March 14, 2025. That production failed to comply with the clear requirements of Judge Davila's March 6, 2025, Order. Crain Walnut's continued refusal to produce documents that Universal requested months ago, despite two court orders now requiring their production, is unacceptable and must be remedied immediately.

**First**, Crain Walnut has not produced the margin agreement required by Judge Davila's March 6, 2025, Order. Universal requested the margin agreement in its First Set of Requests for the Production of Documents, dated December 18, 2024, which requested "All documents concerning . . . margin trading in Super Micro securities" by Crain Walnut Shelling, LP and by other related entities. Crain Walnut failed to produce the margin agreement in response to that request. Universal again asked for the margin agreement in its Deficiency Letter dated January 10, 2025, which noted that Crain Walnut "has improperly refused to produce ***any*** documents" related to margin trading.

On January 27, 2025, Magistrate Judge van Keulen entered an Order requiring Crain Walnut to produce "all documents concerning . . . margin trading in Super Micro securities" for Crain Walnut and "any other entity or account identified in the [Request for Production] in which Mr. Crain maintains a controlling interest." ECF No. 109 at 11. Yet Crain Walnut refused to produce any margin agreements. Universal sent another Deficiency Letter, dated February 3, 2025, noting that the Magistrate Judge had ordered this information to be produced. Crain Walnut refused to comply, claiming that "[REDACTED]" was "[REDACTED]" Judge Davila disagreed, and ordered Crain Walnut to produce the margin agreement. ECF No. 123.

Given this background, there is no justification for Crain Walnut's continued failure to produce the margin agreement. Despite multiple court orders requiring Crain Walnut to produce the margin agreement, Crain Walnut has only produced its "[REDACTED]" from E*TRADE. This is clearly an account application, [REDACTED]

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Lucas E. Gilmore
March 18, 2025
Page 2

▮▮▮.  Further, the brokerage application makes clear ▮▮▮ that were not produced.  Indeed, the produced document itself references ▮▮▮ that were not produced by Crain Walnut, including but not limited to the "▮▮▮," the "▮▮▮," and "▮▮▮."  None of these have been produced by Crain Walnut despite being clearly responsive to Universal's requests and ordered by Judge Davila and Magistrate Judge van Keulen.

**Second**, the redactions made to the ▮▮▮, beyond personal information about individuals, are improper. *See Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019) (noting that "the Federal Rules contemplate only very limited unilateral redaction" such as personally identifying information and "a party may not redact otherwise responsive documents because those documents contain irrelevant material") (internal citations omitted).  The parts of the ▮▮▮ that are redacted appear to relate ▮▮▮, among other relevant information.  This information falls well within Judge Davila's original December 12, 2024, Discovery Order.  *See* ECF No. 99.

**Third**, the Trust Agreement that Crain Walnut purports to have produced includes improper redactions of relevant information.  During the March 6, 2025, hearing, when discussing Crain Walnut's proposed redactions of the Trust Agreement, Mr. Kathrein asked ▮▮▮  Transcript of Proceedings at 35 (Mar. 6, 2025), ECF No. 126.  In response, ▮▮▮  *Id*. at 36.  Judge Davila ▮▮▮.  *Id*.  Nonetheless, Crain Walnut's production redacts many responsive portions of the document, including ▮▮▮.  *See, e.g.*, *Magana-Munoz v. W. Coast Berry Farms, LLC*, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022) (Davila, J.) (granting relief from a discovery order for redactions of non-privileged information because "[r]edactions are highly disfavored where there is a protective order in place," and the producing party "generically claims that redactions are necessary for privacy reasons but fails to specify what the privacy interests are or why the protective order is not sufficient to protect those privacy interests") (internal citation omitted).

**Finally**, the Trust Agreement also redacts ▮▮▮.  One of the questions regarding the Trust Agreement that arose from Mr. Crain's deposition, and was expressly discussed at the March 6 hearing, relates to the ▮▮▮.  Crain Walnut's improper redactions have obscured some of the very information that Judge Davila ordered be produced.  *See Williams v. Affinity Ins. Servs., Inc.*, 2025 WL 542540, at *2 (N.D. Cal.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Lucas E. Gilmore
March 18, 2025
Page 3

Feb. 19, 2025) (ordering the production of unredacted documents because "it is improper to redact responsive documents based on relevancy or responsiveness" and defendants did not explain why the protective order in place was insufficient). Given that Crain Walnut designated the Trust Document as "Attorneys Eyes Only," there is no justification for such extensive redactions.

Please cure these deficiencies immediately by producing, by close of business on Wednesday, March 19, 2025, all margin agreements, including any addenda and appendices, and a copy of the Trust Agreement with redactions limited to sensitive personal information such as social security numbers and account numbers.

Sincerely,

Avi Josefson