BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELENA HADJIMICHAEL, State Bar No. 355715
elena.hadjimichael@freshfields.com
CARL HUDSON, State Bar No. 317201
carl.hudson@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Super Micro Computer, Inc., Charles Liang, and David Weigand*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUPER MICRO COMPUTER, INC. SECURITIES LITIGATION | Case No.: 5:24-cv-06147-EJD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   March 12, 2026<br>Time:   9:00 a.m.<br>Location:  Courtroom 4 – 5th Floor<br>Judge:   Hon. Edward J. Davila |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES...................................................................................................... ii
TABLE OF ABBREVIATIONS................................................................................................ iv
INTRODUCTION........................................................................................................................ 1
ARGUMENT................................................................................................................................ 1
    I.   DOCUMENTS PROPERLY INCORPORATED BY REFERENCE MAY BE USED IN THEIR ENTIRETY................................................................................. 1
        A.  SEC Filings................................................................................................................. 1
        B.  Press Releases............................................................................................................. 2
    II.  EXHIBITS ARE PROPER SUBJECTS OF JUDICIAL NOTICE AND MAY BE USED TO CHALLENGE CONCLUSORY ALLEGATIONS............................................ 4
        A.  SEC Filings................................................................................................................. 4
        B.  News Articles and Other Public Materials................................................................. 5
CONCLUSION............................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**           **Page**

*Basic Inc. v. Levinson*,
 485 U.S. 224 (1988) ............................................................................................................... 2

*Daniels-Hall v. Nat'l Educ. Ass'n*,
 629 F.3d 992 (9th Cir. 2010) ................................................................................................... 6

*In re Eventbrite, Inc. Sec. Litig.*,
 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ......................................................................... 2

*In re Google Location Hist. Litig.*,
 428 F. Supp. 3d 185 (N.D. Cal. 2019) ..................................................................................... 6

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
 189 F.3d 971 (9th Cir. 1999) ................................................................................................... 6

*Henning v. Orient Paper, Inc.*,
 2011 WL 2909322 (C.D. Cal. July 20, 2011) ......................................................................... 6

*Hessong v. Pinterest, Inc.*,
 2021 WL 4339193 (N.D. Cal. Sept. 23, 2021) ........................................................................ 1

*Homyk v. ChemoCentryx, Inc.*,
 2023 WL 3579440 (N.D. Cal. Feb. 23, 2023) ..................................................................... 5, 6

*In re Intel Corp. Sec. Litig.*,
 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ........................................................................ 4

*In re Intel Corp. Sec. Litig.*,
 2023 WL 2767779 (N.D. Cal. Mar. 31, 2023) ........................................................................ 4

*Kang v. Paypal Holdings, Inc.*,
 620 F. Supp. 3d 884 (N.D. Cal. 2022) ............................................................................. 1, 4, 5

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) .......................................................................................... passim

*Knievel v. ESPN*,
 393 F.3d 1068 (9th Cir. 2005) ................................................................................................. 3

*In re LDK Solar Securities Litigation*,
 584 F.Supp.2d 1230 (N.D. Cal. 2008) ..................................................................................... 6

*McGovney v. Aerohive Networks, Inc.*,
 2019 WL 8137143 (N.D. Cal. Aug. 7, 2019) .......................................................................... 2

*In re NVIDIA Corp. Sec. Litig.*,
 768 F.3d 1046 (9th Cir. 2014) ................................................................................................. 3

*Overstreet v. Living Spaces Furniture LLC*,
 2023 WL 4408269 (D. Ariz. July 7, 2023) ............................................................................. 1

*Patel v. Parnes*,
 253 F.R.D. 531 (C.D. Cal. 2008) ............................................................................................ 3

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)..................................................................................................1

*In re Twitter, Inc. Sec. Litig.*,
  506 F. Supp. 3d 867 (N.D. Cal 2020)......................................................................................5

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010)................................................................................................5, 6

**Rules**

Fed. R. Evid. 201(b)......................................................................................................................4

# TABLE OF ABBREVIATIONS[1]

| Abbreviation | Meaning |
| --- | --- |
| ¶ or Complaint | Consolidated Amended Complaint for Violations of Federal Securities Laws (Sept. 22, 2025), ECF No. 176 |
| EY | Ernst & Young LLP |
| Exhibit | Exhibit to the Declaration of Elena Hadjimichael in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Nov. 21, 2025), ECF No. 183-1 |
| Motion to Dismiss or Mot. | Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Nov. 21, 2025), ECF No. 183 |
| Reply | Concurrently Filed Defendants' Reply In Support of Motion to Dismiss Plaintiff's Amended Complaint (Feb. 17, 2026) |
| Request for Judicial Notice or RJN | Request for Judicial Notice In Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Nov. 21, 2025), ECF No. 184 |
| RJN Opp. | Lead Plaintiff's Partial Opposition to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Jan. 20, 2026), ECF No. 187 |
| Supermicro | Super Micro Computer, Inc. |

---

[1] Herein, emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

# INTRODUCTION

Plaintiff's "Partial" Opposition to Defendants' Request for Judicial Notice has one objective. It urges the Court to blindly accept conclusory allegations of facts with no tether to reality.

Judicial notice has an opposite goal: to ensure that courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The doctrine of incorporation by reference is likewise designed to safeguard courts from being forced to "consider only the few . . . documents that would allow [a] suit to proceed while turning a blind eye to any portion of the . . . documents that might prevent the suit from proceeding." *Overstreet v. Living Spaces Furniture LLC*, 2023 WL 4408269, at *3 (D. Ariz. July 7, 2023). Defendants' Exhibits are properly before the Court under these complementary doctrines and fulfill their shared aims of promoting accuracy and completeness by dispelling allegations that lack factual basis.

# ARGUMENT[2]

## I. DOCUMENTS PROPERLY INCORPORATED BY REFERENCE MAY BE USED IN THEIR ENTIRETY

Under the incorporation by reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Courts frequently incorporate by reference documents that plaintiffs "quoted throughout the [c]omplaint" and are "necessary to assess the veracity of the challenged statement in context." *Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022).

The Complaint relied upon, quoted, or referenced statements made in the following documents:

### A. SEC Filings[3]

- Ex. 3: Supermicro Annual Report, on Form 10-K, for the fiscal year ended June 30,

---

[2] Plaintiff does not object to the incorporation by reference of Exhibits 2, 7–9, and 22–25, and thus concedes that these are properly before the Court. *Hessong v. Pinterest, Inc.*, 2021 WL 4339193, at *3 (N.D. Cal. Sept. 23, 2021) (granting judicial notice and incorporation by reference of documents that "Plaintiff d[id] not oppose or otherwise dispute").

[3] Defendant's reply in support of their Motion to Dismiss cites three additional SEC filings which were not initially included as Exhibits. Because all three of those documents are also relied upon and cited by the Complaint, they are properly subject to incorporation by reference for the same reasons described below and in the Request for Judicial Notice.

-1-

2023, filed publicly with the SEC on August 28, 2023.

- Ex. 4: Supermicro Annual Report, on Form 10-K, for the fiscal year ended June 30, 2025, filed publicly with the SEC on August 28, 2025. See

- Ex. 11: Supermicro Current Report, on Form 8-K, filed publicly with the SEC on January 9, 2020. See

- Ex. 12: Supermicro Current Report, on Form 8-K, filed publicly with the SEC on February 2, 2021. See

- Ex. 13: Supermicro Current Report, on Form 8-K, filed publicly with the SEC on October 30, 2024. See

### B. Press Releases

- Ex. 18: Supermicro press release, titled "Supermicro Announces Second Quarter Fiscal Year 2021 Financial Results, New Stock Repurchase Authorization, and Chief Financial Officer Transition," dated February 2, 2021. See

\* \* \*

Plaintiff implores the Court not to consider Exhibits 3, 4, 11–13, and 18 at all, citing concerns about how they are used in Defendants' Motion to Dismiss. *See* RJN Opp. at 1–2. This is a distortion of the principles espoused in *Khoja*, which Plaintiff overextends to argue that Defendants are attempting to exploit "the incorporation-by-reference doctrine and judicial notice" by "inject[ing] their own version of disputed facts into their Motion." RJN Opp. at 1. But *Khoja* "did not eradicate the rule that alleged false statements must be analyzed in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). The need to analyze statements in context is especially pronounced in securities fraud cases, where courts must consider the "total mix" of information available to investors at the time of the purported fraud. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988).

Moreover, *Khoja* "does not prevent a defendant from using the doctrine[] of . . . incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Eventbrite*, 2020 WL 2042078, at *7. Were it otherwise, plaintiffs could freely cherrypick "only" the "portions of documents that support their claims, while omitting portions . . . that weaken—or doom—their claims." *McGovney v. Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (quoting *Khoja*, 899 F.3d at 1002). This misuse of *Khoja* would offend the central

-2-

purpose of the incorporation by reference doctrine.

Because Exhibits 3, 4, 11–13, and 18 are incorporated documents, they should be considered "as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The Court need not restrict the use of these Exhibits to ignore, as Plaintiff proposes, statements "mentioned nowhere in the Complaint." RJN Opp. at 1. "Once a document is deemed incorporated by reference, . . . both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Plaintiff also raises three baseless arguments as to specific Exhibits. First, Plaintiff claims that Exhibit 11—Supermicro's January 9, 2020 8-K report—is not mentioned in the Complaint. RJN Opp. at 7. This is a curious assertion, given that the Complaint plainly references that very document. *See* ¶ 30 ("On January 9, 2020, [Supermicro] finally fil[ed] its SEC reports"); ¶ 179 ("the Company announced [an update] on January 9, 2020"). These are unambiguous references to the January 9, 2020 8-K—the only filing that references this information on that day—and implicate the incorporation by reference doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (affirming incorporation of a document "even though the plaintiff [did] not explicitly allege . . . that document in the complaint").

Second, Plaintiff claims that Defendants aim to introduce Exhibits 12 and 18 "about Bauer's departure as 'the truth.'" RJN Opp. at 6. Plaintiff is incorrect. Defendants simply cite these Exhibits so that the full context of CFO Kevin Bauer's statement regarding his departure, as incorporated into the Complaint itself, is included—rather than only Plaintiff's misleading characterization. *See* Mot. at 15–16; *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (permitting incorporation of SEC forms "to provide a complete picture" of relevant activity rather than for "[t]he truth of the content").

Third, Plaintiff claims that Defendants seek to incorporate Exhibit 13 to "minimize EY's resignation." RJN Opp. at 4–5. Once again, not so. Supermicro's October 30, 2024 8-K should be incorporated on the same grounds as the other SEC documents: because Plaintiff cites it (selectively) in the Complaint. *See* ¶¶ 10, 136, 138, 140–141, 244. Defendants, for their part, simply seek to have this document recognized in full, to show what was actually stated. *See* RJN at 2, 4; *Patel*, 253 F.R.D. at 546 (allowing incorporation of "the content of the documents and the fact of their filing").

-3-

Under the incorporation by reference doctrine, the full text of Exhibit 13 should be considered as if it was originally included in the Complaint. *See Khoja*, 899 F.3d at 1002 (emphasizing that documents must be incorporated in full to avoid selective references).

## II. EXHIBITS ARE PROPER SUBJECTS OF JUDICIAL NOTICE AND MAY BE USED TO CHALLENGE CONCLUSORY ALLEGATIONS

Federal Rule of Evidence 201 provides a clear formula for judicial notice. A court may take "notice [of] an adjudicative fact if it is 'not subject to **reasonable** dispute,'" by way of the fact being "generally known" or able to "be accurately and readily determined from sources whose accuracy cannot **reasonably** be questioned." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). Adjudicative facts are those that are relevant to the issues in the case. *Id.* at 1000 n.5.

Plaintiff does not raise any reasonable challenges to Defendants' Exhibits. Like many securities plaintiffs opposing judicial notice, Plaintiff tries to use *Khoja* to argue that numerous Exhibits are improper. *See* RJN Opp. at 1, 5 (quoting *Khoja* as admonishing defendants who present their "own version of the facts at the pleading stage"). But as the Ninth Circuit explained, its concern was with improper factual "defense[s] to the **well-pled allegations**." *Khoja*, 899 F.3d at 998, 1002. This Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" whose closer evaluation Plaintiff seeks to avoid. *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *10 (N.D. Cal. Mar. 31, 2023). Judicial notice of the following Exhibits is therefore proper.

### A. SEC Filings

Plaintiff objects to judicial notice of the following of Supermicro's SEC filings:

- Ex. 5: Supermicro Quarterly Report, on Form 10-Q, for the quarterly period ended September 30, 2019, filed publicly with the SEC on December 20, 2019.

- Ex. 16: Supermicro Notification of Late Filing, on Form 12b-25, filed publicly with the SEC on February 9, 2018.

Courts find SEC filings to be "routinely subject to judicial notice" regardless of whether plaintiffs' claims depend on or reference them. *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019). Plaintiff merely states that "Defendants also improperly request that the Court adopt the 'truth' of Defendants' one-sided statements" in Supermicro's SEC filings. RJN Opp. at 6. But Defendants request judicial notice for the proper purpose of challenging Plaintiff's

-4-

*conclusory* (and often patently false) allegations and "provid[ing] a basis for [Defendants'] argument that Plaintiff[] sometimes inaccurately characterize[s] the contents of those documents." *Paypal*, 620 F. Supp. 3d at 896 ("[W]here the complaint makes conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true.").

### B. News Articles and Other Public Materials

Plaintiff also objects to judicial notice of the following news articles, press release, webpage, and blogpost:

- Ex. 20: Supermicro press release, titled "Supermicro Announces Completion of Review by Independent Special Committee," dated December 2, 2024.

- Ex. 21: Supermicro webpage, titled "Supermicro and NVIDIA Deliver Optimized Systems for AI, ML, and More."

- Ex. 26: Hindenburg Research blogpost, titled "A Personal Note From Our Founder," dated January 15, 2025.

- Ex. 27: Taipei Times article, titled "Nvidia's Huang champions Supermicro's direct liquid cooling tech," dated June 6, 2024.

- Ex. 28: J.P. Morgan Asset Management article, titled "Is AI already driving U.S. growth?," dated September 12, 2025.

\* \* \*

However, publications such as newspapers and magazines "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)" when the public's access to that information is at issue. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (determining that courts may take judicial notice of journal articles and other publications for the purpose of determining what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal 2020) (granting judicial notice of news articles because they "reflect[] publicly available information about the company"). Moreover, because the contents of "[p]ublicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such publications are "the proper subjects of judicial notice." *Paypal*, 620 F. Supp. 3d at 895.

Plaintiff again makes three baseless arguments regarding certain Exhibits. First, Plaintiff argues the Court should not take judicial notice of Exhibit 20 because the press release makes "hotly disputed" assertions. RJN Opp. at 3. However, the *contents* of the December 2, 2024 Supermicro release are not "subject to reasonable dispute." *Khoja*, 899 F.3d at 999. Indeed, Defendants do not cite Exhibit 20 to establish the facts of this press release or to characterize or assert the merits of the Special Committee's investigation, but to indicate "what information was in the public realm"—and therefore available to investors—"at the time." RJN at 4; *Von Saher*, 592 F.3d at 960; *see also In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (granting judicial notice when "Defendant [was] not asking the Court to judicially notice the *truth* of the statements," but rather that the information "was in the public realm"); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information because "it was made publicly available by government entities"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of "information contained in news articles submitted by the defendants").

Second, Plaintiff cites *In re LDK Solar Securities Litigation*, 584 F. Supp. 2d 1230, 1246 (N.D. Cal. 2008) and *Henning v. Orient Paper, Inc.*, 2011 WL 2909322, at *5 (C.D. Cal. July 20, 2011) to assert that the Court ought not notice the press release announcing completion of the Special Committee review in Exhibit 20. RJN Opp. at 4. Both are inapposite. *LDK Solar* discusses the weight a district court can take as to a special committee report when determining falsity. 584 F. Supp. 2d at 1246. *Henning* does the same, just as to scienter. *Henning*, 2011 WL 2909322, at *5. Certainly, neither *LDK Solar* nor *Henning* hold that a press release announcing completion of an investigation cannot be judicially noticed in order to demonstrate that it existed in the public realm, as Defendants request.

Third, Plaintiff claims that Exhibits 21, 26, 27 and 28 are not "remotely relevant" to the Defendants' Motion to Dismiss. RJN Opp. at 6–7. This conclusory characterization does not change that these articles and releases were published during the relevant timeframe, and offer an indication of what content existed in the public sphere at that moment—the standard for judicial notice. *See, e.g.*, *Von Saher*, 592 F.3d at 960; *Homyk*, 2023 WL 3579440, at *4. Accordingly, Defendants did not

-6-

DEFS' REPLY ISO RJN
CASE NO. 5:24-CV-06147-EJD

move for judicial notice to assert the truth of these Exhibits, but solely to demonstrate what was public knowledge regarding Supermicro and Hindenburg at the time. *See* RJN at 4–5.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice.

Dated: February 17, 2026                               FRESHFIELDS US LLP

By: */s/ Boris Feldman*
      Boris Feldman

*Attorneys for Defendants Super Micro Computer, Inc., Charles Liang, and David Weigand*

-7-

DEFS' REPLY ISO RJN
CASE NO. 5:24-CV-06147-EJD