GLANCY PRONGAY WOLKE & ROTTER LLP
Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Apurva Bhuva*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUPER MICRO COMPUTER, INC. SECURITIES LITIGATION, | Case No. 5:24-cv-06147-EJD<br><br>**APURVA BHUVA'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Apurva Bhuva ("Bhuva") opposes Defendant Super Micro Computer, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related (ECF No. 195). Bhuva is the plaintiff in the action captioned *Bhuva v. Super Micro Computer, Inc.*, 26-cv-02606-JSC (the "*Bhuva* Action"). Bhuva opposes relation of the *Bhuva* Action with *In re Super Micro Computer, Inc. Securities Litigation*, 24-cv-06147-EJD (the "*Supermicro* Action"), but does not oppose relation of the *Bhuva* Action with *City of Hialeah Employees' Retirement System v. Super Micro Computer, Inc.*, 26-cv-03018-CRB (the "*Hialeah* Action"). Bhuva joins the response submitted by City of Hialeah Employees' Retirement System (ECF No. 196).

Actions are related when they "concern substantially the same parties, property, transaction, or event;" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L-R 3-12(a). Neither of these conditions are satisfied to warrant relation of the *Bhuva* and *Supermicro* Actions.

The *Bhuva* and *Supermicro* Actions concern ***different*** parties, transactions, and events. The *Supermicro* Action alleges that defendants misled investors between November 3, 2020 and October 30, 2024 about the remediation of internal control weaknesses and improper accounting practices, the effectiveness of the company's disclosure controls and practices, and the reliability of the company's financial statements. *See* ECF No. 176 at ¶¶187, 273. The *Supermicro* Action alleges that these misrepresentations and omissions were corrected through four disclosures, ending with the company's announcement on October 30, 2024 that its independent auditor had resigned. *Id.* at ¶¶233-247. By contrast, the *Bhuva* Action alleges that defendants misled investors between April 30, 2024 and March 19, 2026 about the company's compliance with U.S. export control laws, and these misrepresentations were corrected by the unsealing of an indictment in March 2026. *Bhuva* Action, ECF No. 1 at ¶¶3-6. That is, the *Supermicro* Action concerns accounting violations, and the *Bhuva* Action concerns export control violations during different (albeit overlapping) time periods. As a result, the two actions concern different statements made on different dates corrected by different events. Confirming that the actions are different, the *Supermicro* Action alleges that the Form 10-K filed on February 25, 2025 admitted that prior statements about internal controls were materially misleading, while the *Bhuva* Action alleges that the same Form 10-K contained other

misleading statements about the company's export controls. *Compare* ECF No. 176 at ¶¶153-154, *with Bhuva* Action, ECF No. 1 at ¶23.

It is unlikely that the cases will reach conflicting results or involve "unduly burdensome duplication of labor" if the cases are conducted before different Judges because the cases are at different stages and will involve different issues during discovery. *Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (denying unopposed motion to relate because of the "differences in legal claims, defendants, and procedural posture"). In the *Supermicro* Action, defendants filed a motion to dismiss the operative complaint, which has been fully briefed and oral argument was held on March 12. *See* ECF No. 190. If the motion to dismiss is denied, discovery in the *Supermicro* Action will concern accounting issues during the nearly four-year class period. By contrast, the *Bhuva* action is at an earlier stage: motions seeking appointment as lead plaintiff are due on May 26, 2026, and Bhuva anticipates that the Court-appointed lead plaintiff will file an amended complaint that could, among other things, include the allegations pled in the *Hialeah* Action such as the longer class period. If the *Bhuva* Action proceeds past the pleadings stage, discovery will concern the export control issues during a nearly two-year class period. The six-month overlap in class periods between the three actions does not justify relation because a majority of the legal and factual issues are different. *See Pacific Coast Fed. of Fishermen's Ass'n v. Locke*, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (denying relation of cases with "same defendants and identical administrative records" because "the claims in the two suits are of a different nature"). Therefore, relation is unlikely to conserve judicial or party resources.

DATED:  April 20, 2026

Respectfully submitted,

GLANCY PRONGAY WOLKE & ROTTER LLP

By:   */s/ Pavithra Rajesh*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com
prajesh@glancylaw.com

*Attorneys for Apurva Bhuva*

PLAINTIFF BHUVA'S OPPOSITION TO MOTION TO RELATE CASES
Case No. 5:24-cv-06147-EJD

3

**PROOF OF SERVICE**

I hereby certify that on this 20th day of April, 2026, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Pavithra Rajesh*
Pavithra Rajesh

PLAINTIFF BHUVA'S OPPOSITION TO MOTION TO RELATE CASES
Case No. 5:24-cv-06147-EJD